IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JOHN HUERTAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:23-cv-01375 |
| v. ) | Judge Trauger |
| ) | |
| TINA METCALF, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

John Huertas, a pre-trial detainee in the custody of the Lincoln County Jail in Fayetteville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Nurse Tina Metcalf, Nurse Dawn Azbell, the Lincoln County Jail, and Lincoln County. (Doc. No. 1, 20.) The complaint as amended is before the court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A. Also before the court is Plaintiff's motion for production of documents (Doc. No. 12).

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id*. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id*. § 1915A(b).

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Facts Alleged by Plaintiff

Plaintiff's allegations arose during his confinement at the Lincoln County Jail. In August 2022, Plaintiff alerted jail medical staff to a painful knee condition. Nurse Metcalf informed Plaintiff that she would schedule an appointment with the appropriate doctor. Plaintiff was seen by Doctor Sain and diagnosed with bursitis of the knee. The doctor informed him that he needed

2

to perform a draining procedure.  Shortly after the procedure, the bursitis returned.  The doctor directed the nurse to schedule surgery for Plaintiff's knee.  Nurse Metcalf informed Plaintiff that she would speak with the jail administrators about scheduling a surgery date.  After Plaintiff did not receive a date, he approached Nurse Metcalf who told him that "his knee problem was not life threatening, and the County did not want to pay for the surgery."  (Doc. No. 20, page 14.)  Nurse Metcalf further stated that Plaintiff was approaching his release date and could take care of the surgery then.  Shortly after, Plaintiff's alleges that his knee became septic and caused him severe pain and discomfort.  When Plaintiff was released from jail in January 2023, he sought medical care at the Cullman Regional Medical Center, where he was told that the condition was serious.  Plaintiff alleges that because Nurse Metcalf and Lincoln County failed to follow the doctor's orders, his condition worsened.  Plaintiff brings claims in violation of deliberate indifference to his serious medical needs.  He seeks monetary relief.

## IV.     Analysis

The complaint is subject to partial dismissal for Plaintiff's failure to state a claim against Defendants Nurse Azbell, Lincoln County Jail, and Lincoln County.

First, Plaintiff's claims against Nurse Azbell must be dismissed because he fails to allege any facts demonstrating her personal involvement. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Dep't of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Moreover, basic pleading

3

requirements dictate that a plaintiff must attribute factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that, to state a plausible claim for relief, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *see also* Fed. R. Civ. P. 8(a).

Plaintiff fails to show that Nurse Azbell personally contributed to the violations alleged in the complaint. Although he identifies her in the caption of his complaint, he fails to identify or explain her role in the alleged violations in the body of his complaint. "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint" is insufficient to satisfy these basic pleading requirements. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004). Because Plaintiff fails to allege with any degree of specificity how Nurse Azbell was personally involved in or responsible for each of the alleged violations of his federal rights, the court will dismiss Nurse Azbell from the complaint.

Second, Plaintiff's claims against the Lincoln County Jail are subject to dismissal because the jail is a building; it is not a "person" who can be sued under 42 U.S.C. § 1983. *See Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing Section 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Accordingly, the Lincoln County Jail will be dismissed from the complaint.

Third, Lincoln County cannot be held liable under § 1983 for any "injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. Rather, it is only when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. As such, "[a] plaintiff raising a municipal liability claim under §

4

1983 must demonstrate that the alleged violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

A plaintiff asserting a § 1983 claim for municipal liability based on the existence of a custom or policy must identify the policy, connect it to the municipality, and demonstrate that the injury was incurred because of the execution of that policy. *Graham v. Washtenaw*, 358 F.3d 377, 388 (6th Cir. 2004). "There must be a 'direct causal link' between the policy and the alleged constitutional violation such that the County's 'deliberate conduct' can be deemed the 'moving force' behind the violations." *Id*. at 383 (citations omitted).

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against Lincoln County under Section 1983. The complaint does not identify or describe: any of Lincoln County's policies, procedures, practices, or customs relating to the incidents at issue; or any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of Plaintiff's rights; or any other previous instances of similar violations that would have put Lincoln County on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro. Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at *2-3 (M.D. Tenn. Sept. 13, 2010). At bottom, an isolated decision to refuse to pay for medical treatment does not appear to fall within a custom or policy which can impose liability upon Lincoln County, Tennessee, for the alleged violation of Plaintiff's civil rights. However, the court will dismiss Lincoln County without prejudice, should Plaintiff uncover additional facts establishing Lincoln County's liability.

Lastly, the court concludes that Plaintiff's deliberate indifference claim against Nurse Metcalf survives the court's initial screening of the complaint. While the Eighth Amendment

does not apply to pre-trial detainees, the Due Process Clause of the Fourteenth Amendment provides them with a right to adequate medical treatment that is analogous to prisoners' rights under the Eighth Amendment. *Gray v. City of Detroit*, 399 F.3d 612, 615-16 (6th Cir. 2005). For this claim, there are objective and subjective components. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires a plaintiff to demonstrate that he has a serious medical condition. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992) ("Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.' "). For deprivation of medical care, the subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson*, 501 U.S. at 302. The Supreme Court has defined "deliberate indifference" as the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice to state a claim under § 1983. *Farmer*, 511 U.S. at 835–36.

For purposes of PLRA screening, the court concludes that Plaintiff sufficiently alleges a serious medical need under the subjective component. With respect to the objective component, Plaintiff alleges that Nurse Metcalf disregarded the doctor's treatment plan by refusing to schedule the knee surgery, resulting in Plaintiff's prolonged pain and worsening condition. Prison personnel may be deliberately indifferent to a prisoner's serious medical needs by "interfer[ing] with treatment once prescribed." *See Estelle*, 429 U.S. at 104-105; *see also Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) (a prisoner has a cause of action for deliberate indifference if he "suffers pain needlessly when relief is readily available."). These allegations could give rise to an inference of deliberate indifference on the part of Nurse Metcalf for purposes of the required PLRA screening. Consequently, the court finds that the complaint sets forth a non-frivolous Fourteenth Amendment claim under Section 1983 against Nurse

6

Metcalf, based on the denial of medical treatment. This claim will proceed for further development.

V.   **Further action**

In screening the complaint pursuant to the PLRA, the court finds that the plaintiff fails to state a claim against Defendants Azbell, Lincoln County Jail, and Lincoln County. Accordingly, these defendants are dismissed from the complaint. The court concludes that the case may proceed against Defendant Metcalf. Accordingly, the Clerk is INSTRUCTED to send the plaintiff a service packet (blank summons and USM 285 form) for this defendant. The plaintiff MUST complete the service packet and return it to the Clerk's Office within 21 days of the date of this order. Upon return of the completed service packet, PROCESS SHALL ISSUE.

The court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude the defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

Lastly, Plaintiff's motion for production of documents (Doc. No. 12) is **DENIED** as premature. The exchange of materials in discovery, and any issues arising therefrom, may be taken up after service of process on the defendant.

This case is **REFERRED** to the Magistrate Judge for a scheduling order, for decision on all nondispositive matters, and for a Report and Recommendation on dispositive matters.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge