IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN HUERTAS ) | |
| ) | |
| v. ) | Case No. 3:23-cv-01375 |
| ) | |
| TINA METCALF *et al.* ) | |

**TO:** Honorable Aleta A. Trauger, United States District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

This *pro se* and *in forma pauperis* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings. *See* Memorandum Opinion and Order entered March 3, 2025 (Docket Entry No. 21).

John Huertas ("Plaintiff") filed this lawsuit while confined as a pre-trial detainee in the Lincoln County Jail ("Jail") in Fayetteville, Tennessee. *See* Complaint (Docket Entry No. 1). He seeks relief under 42 U.S.C. §1983 based on allegations that his constitutional rights were violated at the Jail. Upon initial review of the complaint, the Court found that Plaintiff stated an arguable constitutional claim against a nurse at the Jail, Nurse Metcalf, based on allegations that Plaintiff was not being provided with constitutionally adequate medical care at the Jail. *See* Memorandum Opinion and Order (Docket Entry No. 21) at 5-7.

As directed by the Court, the Clerk sent to Plaintiff a service packet for Defendant Metcalf, which Plaintiff was to complete and return to the Clerk within 21 days of the March 3, 2025, Order, so that process could be issued to Defendant. The docket reflects that the blank service packet and copy of the March 3, 2025, Order that were mailed to Plaintiff at the Jail were returned undelivered with a notation "return to sender, not deliverable as addressed, unable to

forward." (Docket Entry No. 22.) The Jail is the only address that Plaintiff provided, and the docket reflects that he had not had any contact with the Court since making a filing in May 2024. (Docket Entry No. 20.)

It is well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); Carter *v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to provide a new mailing address and to stay engaged in his lawsuit upon his release from the Jail indicate that he has lost interest in the lawsuit. The case cannot proceed with an absent plaintiff.

# R E C O M E N D A T I O N[1]

For the reasons set out above, it is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDIC**E pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

3

Case 3:23-cv-01375    Document 23    Filed 05/20/25    Page 3 of 3 PageID #: 105